UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:11-CV-411 JAM-JFM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING UNITED STATES' |
| | ) | MOTION FOR PRELIMINARY |
| v. | ) | INJUNCTION |
| | ) | |
| THOMAS W. EATON, DDS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
|_____ | ) | |

Upon motion of plaintiff, the United States of America, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction against Defendant Thomas W. Eaton, DDS ("Easton"):

## **Legal Standard for Preliminary Injunction**

In order to obtain a preliminary injunction under Section 7402(a) of the Internal Revenue Code (I.R.C.), 26 U.S.C., the United States must show that an injunction is necessary or appropriate for the enforcement of the internal revenue laws. Alternatively, this Court will issue a preliminary injunction upon

a showing of either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor.

### Findings of Fact

1. Eaton is a practicing dentist in Ione, California.

2. Eaton is holding himself out as the employer of the workers performing services for him and as a party liable for federal employment taxes and federal unemployment taxes related to those employees.

3. Since August 2001, the IRS had repeatedly warned Eaton that, as an employer, he is required to withhold trust fund taxes from wages of his employees, make timely federal tax deposits, file accurate returns, and pay any taxes due.

4. Since 2001, Eaton has failed to consistently make timely federal tax deposits and consistently pay Form 941 employment taxes on the date they are due.

5. Since 2001, Eaton has failed to consistently comply with the federal tax laws requiring him to withhold federal employment taxes from employee wages, to make federal employment tax deposits, and to make timely payments of federal taxes due to the Internal Revenue Service ("IRS").

### Conclusions of Law

This Court finds that the Defendant is interfering with the administration of the internal revenue laws.  Defendant is violating I.R.C. §§ 3102, 3402, 6011, 6071, 6072, 6151, 6302 and 7501.  The United States is likely to succeed on the merits in this

case and will suffer irreparable harm if the Defendant is not
enjoined now.  Accordingly, the Court finds that a preliminary
injunction under I.R.C. § 7402(a) is necessary and appropriate for
the enforcement of the internal revenue laws.

## Security

The United States is not required to give security for an
injunction under Federal Rule of Civil Procedure 65(c).

## Order

1. The Court ORDERS that defendant (individually and doing
   business under any other name or using any other entity), and
   his representative, agents, servants, employees, attorneys,
   and anyone in active concert or participation with him, are
   enjoined and restrained from failing to withhold and pay over
   to the IRS all federal payroll taxes, including federal income
   withholdings, FICA taxes and FUTA taxes, required by law;

2. Further, the Court ORDERS Defendant to file with IRS Revenue
   Officer Leslie Fouche-Munoz (or whomever the IRS may designate
   in her stead) accurate and timely Employer's Annual Federal
   Unemployment (FUTA) Tax Returns (Form 940) and Employer's
   Monthly Federal Tax Returns (Form 941-M) and to send copies of
   such returns to counsel for the United States at the same time
   that they file the originals;

3. Further, the Court ORDERS Defendant to segregate and hold
   separate and apart from all other funds, all monies withheld
   from employees or collected from others for taxes under any
   internal revenue laws of the United States and to deposit the

moneys so withheld and collected in a separate bank account in trust for the United States no later than the same day that the paychecks, for which the moneys are so withheld and collected, are given or made available to the employees.  At the time of making such deposit in such separate bank account, Defendant is ordered to send by fax to IRS Revenue Officer Leslie Fouche-Munoz at (916) 974-5540 a receipt for each employment tax deposit and a completed worksheet showing the calculation for each deposit;

4. Further, the Court ORDERS Defendant to file complete and accurate individual income tax returns (Forms 1040) with the IRS as they become due, to pay the tax reflected in those returns, and to send copies of such returns to counsel for the United States and IRS Revenue Officer Leslie Fouche-Munoz at the same time that he files the originals;

5. Further, the Court ORDERS that Thomas W. Eaton, and every other person authorized to sign checks or otherwise make disbursements for him or his business, to file with IRS Revenue Officer Leslie Fouche-Munoz a statement within fourteen (14) days of the date this preliminary injunction is issued to the effect that

   a. They have read the preliminary injunction issued by this Court, and

   b. Each pay period, they will personally determine that all federal payroll taxes, including federal income withholdings, FICA taxes, and FUTA taxes, for each pay period after the date this preliminary injunction is issued have been fully paid to the IRS by certified or

1        cashier's check prior to signing checks or otherwise

2        disbursing funds.

3    IT IS SO ORDERED.

4 Dated:  June 6, 2011

5                               JOHN A. MENDEZ,
                               UNITED STATES DISTRICT JUDGE